Ruffin, C. J.
The Counsel for the plaintiff first moved the Court to instruct the jury, that the deed was upon its face fraudulent in law, because a sale was not to take place for a year after its execution. The Court refused to give the instruction ; and, instead thereof, told the jury, that the delay in the sale was a circumstance to be con-' sidered by them in determining, whether' the deed was made upon an intent to defraud or hinder Lee of any recovery he might make, and that, if they found such intent, then the deed was void.
This Court concurs in the opinion given to the jury. An indulgence of a year, upon obtaining a real security for an existing debt, which is necessarily made public by registration, is not so unreasonable, as to raise a legal presumption of an intent to hinder a creditor by the se *476 curity. This is more especially true, when the debt arose mostly upon a', loan at the time from one intimate friend to another, with a view to relieve all his pressing necessities by discharging every demand ascertained at the time. The inference of an unfair purpose from such forbearance is so very slight, that it is scarcely possible that a jury should, ever fmd it — especially as the resulting trust in the land, belonging to the debtor, is subject to .execution in, our law. But, at all events, the deed cannot for this cause be pronounced void, as a matter of law'; -and.it was a proper subject of inquiry for. the jury, whether the sale was to be in convenient time, under all the circumstances of the parties. Moore v. Collins, 4 Dev. 126.
• The counsel for the'plaintiff .moved his Honor further to instruct the jury, that, if -they believed the deed was •made, with the intent to defeat the recovery which Lee might effect, then the deed was fraudulent and void, notwithstanding the sum, secured therein to Peebles, was a true debt; The Court gave the instruction, as prayed for; but added, that; the,terih.“ defeat” ivas to bp taken in a qualified sense; for if the’ deed "was made to secure a true debt, and another, creditor. lo'St his debt; merely by reason, that the debtor’s pr.o-pérty ;W¡as not sufficient to pay both, and was all exhausted in satisfjdng the preferred creditors in that case the deed is not deemed fraudulent, because the law allows a debtor to prefer one creditor to another.
This Court approves also of this second instruction. The very power of an insolvent debtor to give preference implies, that the effect may be, that some of the creditors may lose their debts. Therefore, the distinction is, that when a deed.in.favor "of one creditor is made for the purpose of defeating another creditor, it is fraudulent; but that it is not so, when the loss of the latter is. merely a consequence of the preference given to a just debt. Moore v. Collins, and Hafner v. Irwin, 1 Ired. 490.
*477 The counsel for the plaintiff asked for a further instruction to the jury, that, although a debtor may prefer one of his creditors, yet he must give an honest preference ; and that the advantage, stipulated for the maker of this deed, that he should be indulged for twelve months, rendered it void. The Court, thereupon, informed the jury, that it was required, that the preference given should be an honest one ; but that debtors had a right to obtain indulgence by giving a security on their property; and that, if they believed Fl'annagan’s object, in making the deed for his land, was to obtain' indulgence for a true debt, from July 1839, to August 1840, or even for a longer time, if the law suits, then hanging over him, should not then be decided, it did not render the deed void ; for it was not a stipulation for such a benefit or advantage, as the law did not allow him to obtain, and worked no injustice to the plaintiffs in those-suits. ,
This instruction, as prayed, ought to have been refused, upon the same reasons, on which the first was ; for it is in substance but a repetition of it, though not precisely in the same terms. After a preliminary, undeniable proposition, that debtors can only make honest preferences, it asks the Court to lay down to the jury, in reference'to this case, that the stipulation in the deed, that the debtor should be indulged for twelve' months, made it Void: which is just the same, as “ that the deed was upon its face fraudulent in law, because a sale was not to take a place for a year.” The Court might, therefore, have properly refused the instruction, and if that simply had been done, there would have been no necessity for further observations from this Court. But the Superior Court went beyond the refusal of the directions, which were asked for tbe plaintiff, and gave others ; and that imposes upon us the duty of considering their- correctness. It did not appear, indeed, that there was, as supposed, an agreement for forbearance, until the suits of Lüé of ' either of them should be determined -, for the oilly evidence, touching *478 that point, was the testimony of Flannagan, drawn out by the plaintiff, and that flatly denied any such agree* ment. For that reason, the judgment ought not to be reversed, although the instructions were deemed erroneous , since it was entirely irrelevant to the case before the Court, and could not therefore prejudice the plaintiff. We do not, however, see, that there is any doubt of the opinions given to the jury. Rut, while'we say so, we cannot but express a regret, that, in the hurry of trials, the Court should sometimes go out of the points, arising on the proofs or raised b’y the counsel, and lay down abstract propositions; for it not unfrequently creates unnecessary difficulties, as it is not always as easy to perceive, as distinctly as here, that the propositions were altogether inapplicable. But to return to the instructions. We must say, that we concur in their legal correctness. If the deed had been made or used, to enable the debtor to get away from his creditor, or to give a false credit, or to keep off executions, or to secure any advantage to the maker as against his general creditors, it would vitiate it. But it would seem singular, than an evil intent should be imputed to an agreement, that a creditor should indulge his friend for a just debt, by not enforcing a registered security on land and on nothing else, until some other person should get a judgment against the debtor. Apparently, the preferred creditor could not better observe good faith against another creditor, than by saying to their common debtor,- that, for himself, he would be willing to wait as long as the estate would suffice to pay the debt; but that, nevertheless, he could not agree to do so, longer than fairness and his duty to other creditors might render it proper, that he should raise his money and leave the residue of the estate open to the process of others. It was impossible that Lee could suffer any prejudice from this deed, until he should get his j udgment. If, when he had done that, the deed was set up as an obstruction, so that he could not, immediately or in convenient time, *479 have execution of the debtor’s intérest in the lands, and the purchaser could not turn the debtor out of the enjoyment of the estate, then there WQufd be cause to complain of the deed. But no such vice attaches to a mortgage of land, or a deed of trust, by which the creditor is at liberty and'bound by agreement, to proceed to sell enough to pay his debt, as soon as another person, by getting a judgment, should have an interest in clearing the debtor’s property from prior incumbranees. Indeed, since the Act of 1812, as was observed in Davis v. Evans, 5 Ire. 525, it is not easy to see, how a mortgage of land for a a true debt can be deemed covinous, upon the ground of forbearance merely, since a judgment .creditor has the direct remedy of selling the equity of redemption, and that is the debtor’s whole interest. If the day of forfeiture or day of sale be fixed in the deed, so remotely as to shew an intent to keep the security on foot, as a hindrance to the purchaser under execution in getting into possession, we will not say, that would not affect the conveyance ; though, in the case just cited of Davis v. Evans, it was held that the purchaser could not be thus withstood, but might recover the possession in ejectment against the mortgagor in possession*. But, however that may be, an agreement, that there should be a sale under the deed, as soon as the interest of a person then suing should require it, by his getting a judgment, is surely no reason for an allegation of fraud in the deed by that creditor ; for the stipulation is actually for his benefit, and resulted from an unwillingness of the parties to the deed to cover the property from his execution, when he should get a judgment. Here, the debtor did not wish to sell his home, if he could help it, ánd he thought he could do so, in case he succeeded in the suits with Lee, as he believed he could pay the other demands by his labor. He expected, indeed, that the land must be spld, if Lee recovered. But, as that was uncertain, there was nothing improper-, in getting the sale deferred until, by the *480 event, it could be seen, whether the satisfaction of his debts, including Lee’s recovery, made it unavoidable. In the forbearance of a friend, to await that result, there is nothing immoral or illegal — provided only, that there was no intention to defeat the recovery, if one should be made. For a mortgagee is not obliged, in law or conscience, to coerce immediate payment, but only to do so, when it becomes injurious to another to keep the debt on foot in that form. As already remarked, it would seem, that a mortgage of land for a just debt cannot be a fraud upon another creditor, because it cannot obstruct his sale of all, that under any circumstances ought to be sold, namely, the debtor’s whole 'interest in the premises. But, however that may be, certainly an agreement between the mortgagee and mortgagor, that the former shall raise his money out of the estate, whenever another creditor’s interest may require it by his getting a judgment, cannot be injurious to such judgment creditor.
Lastly, the counsel for the plaintiff further prayed the Court to instruct the jury, that, if they were satisfied from the evidence and circumstances, that the understanding between Peebles and Flannagan was, that Peebles should indulge, until the law suits, then pending, should be determined, the omission to set the same out in the deed was a fraudulent concealment, which rendered the deed void. The Court instructed the jury, that it was not necessary to set forth in the deed that understanding, if the jury should believe, that in fact it existed.
It was enough to justify the refusal of this instruction, that there was no evidence of any such understanding. Put we likewise think, that the omission supposed would not vitiate the deed; because it could not work any harm to the lessor of the plaintiff, and the operation of the deed, without that clause, is precisely the same, as if it had contained it. For the period, to which the sale was postponed by the terms of the deed, was the 1st of August, 1840, and that had passed two years and an half before *481 Lee got a judgment; and there appears no reason for supposing, that either Flannagan or Peebles expected, that the judgment could be 'got, if at all, before the expiration of the year.
In this Court it has been further objected, that this defence was not open to this defendant, because it would not have been to the defendant in the execution, upon whom the declaration was first served. But, we had occasion, in Wise v. Wheeler, 6 Ired. 196, to look into this question, and held, that when the tenant in posses-session makes default, and another is let in, by consent, to defend, upon admission of actual possession in that person, it must be understood, that it was the object of those parties to try the title between themselves at once, without the delay or expense of a new suit. That such was the intention in this case is certain, as the objection was not taken on the trial. For that reason, also, it cannot be sustained here.
Per Curiam. Judgment affirmed.